WO

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Tony Ray Almendarez,

                    Plaintiff,

     vs.

John Imdorf, et al.,

                  Defendants.

No.  CV 13-1995-PHX-RCB (SPL)

**O R D E R**

On August 5, 2013, Plaintiff Tony Ray Almendarez, who is confined in the Maricopa County Fourth Avenue Jail, filed a Complaint in Maricopa County Superior Court, Matter No. CV 2013-010195.  In his Complaint, Plaintiff asserted claims of unlawful arrest, malicious prosecution, defamation, illegal search and seizure and due process violations.  Plaintiff named two individuals in his Complaint: Phoenix Police Officer John Imdorf and Phoenix Police Detective James Ferree.  On October 2, 2013, Defendants Imdorf and Ferree removed the case to federal court based on federal question subject matter jurisdiction.  On October 28, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint along with a lodged proposed Amended Complaint.  In an Order dated December 4, 2013, the Court found that removal was proper, ordered that Plaintiff's lodged Amended Complaint be filed as Plaintiff's First Amended Complaint, and dismissed the First Amended Complaint with leave to amend for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

1    On December 9, 2013, Plaintiff filed an Amended Complaint (Doc. 8) but did not
2 use the court-approved form.  On December 31, 2013, Plaintiff filed a Second Amended
3 Complaint (Doc. 9) using the court-approved form.  The Second Amended Complaint
4 supersedes the Amended Complaint.  On January 17, 2014, Defendants filed a Motion to
5 Stay/Motion to Dismiss (Doc. 10).  The Court will dismiss Defendant Ferree and Counts
6 I and II of the Second Amended Complaint.  The Court will not dismiss Count Three and
7 Defendant Imdorf, but will not require Defendant Imdorf to answer Count III at this time.
8 The Court will stay this case and will require Defendant Imdorf to file a notice every 90
9 days regarding the status of Plaintiff's pending state criminal case.  The Court will deny
10 the Motion to Stay/Motion to Dismiss.[1]

## I.    Statutory Screening of Prisoner Complaints

12    The Court is required to screen complaints brought by prisoners seeking relief
13 against a governmental entity or an officer or an employee of a governmental entity.  28
14 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff
15 has raised claims that are legally frivolous or malicious, that fail to state a claim upon
16 which relief may be granted, or that seek monetary relief from a defendant who is
17 immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

18    A pleading must contain a "short and plain statement of the claim *showing* that the
19 pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8
20 does not demand detailed factual allegations, "it demands more than an unadorned, the-
21 defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
22 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere
23 conclusory statements, do not suffice."  *Id.*

24    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a
25 claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*,
26 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual

27
28    [1] Defendants filed their Motion to Stay/Motion to Dismiss prior to screening by
the Court of the Second Amended Complaint.  As such, their motion was premature and,
as to Counts I and II and Defendant Ferree, moot.

1    content that allows the court to draw the reasonable inference that the defendant is liable

2    for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible

3    claim for relief [is] . . . a context-specific task that requires the reviewing court to draw

4    on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's

5    specific factual allegations may be consistent with a constitutional claim, a court must

6    assess whether there are other "more likely explanations" for a defendant's conduct. *Id.*

7    at 681.

8        But as the United States Court of Appeals for the Ninth Circuit has instructed,

9    courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

10   342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less

11   stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*

12   *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

13   **II.    Second Amended Complaint**

14       In his Second Amended Complaint, Plaintiff alleges three counts of malicious

15   prosecution, arrest without probable cause, and an unfairly suggestive witness

16   identification procedure. Plaintiff sues Officer John Imdorf and Detective James Ferree

17   of the Phoenix Police Department. Plaintiff seeks compensatory and punitive damages

18   and court fees.

19       Plaintiff asserts a claim of malicious prosecution in Count I. Plaintiff alleges that

20   on August 23, 2012, Defendant Ferree was a witness during grand jury proceedings and

21   "fabricated and misrepresented facts in the reports" that led to Plaintiff's indictment by

22   the grand jury for first-degree burglary and armed robbery. According to Plaintiff,

23   Ferree's presentation to the grand jury "inculpate[d]" Plaintiff as an accomplice to a

24   crime when the correct facts would merely show Plaintiff "as being present when a crime

25   has been committed[.]" Plaintiff appears to allege that Ferree represented to the grand

26   jury that Plaintiff was the driver of a getaway vehicle when "the reports state the plaintiff

27   was the passenger." Plaintiff also alleges that Ferree "confused material issues when he

28   misrepresented the passenger (which the reports state is the plaintiff) led the police on a

foot pursuit, when the reports state the passenger was apprehended without police chasing him on foot." Plaintiff makes further allegations about Ferree presenting evidence that is apparently different from information in reports.

In Count II, Plaintiff alleges that on August 15, 2012, Defendant Imdorf arrested Plaintiff without probable cause. Plaintiff alleges that Imdorf responded to a radio broadcast of two men breaking things inside a house and that the men drove off from the house in a blue car. Imdorf then saw a passenger leave a vehicle "without being provoked by officers" and run off and hop over a brick wall. Imdorf "came into contact with the plaintiff who fit the description in a front yard of a residence and without the plaintiff resisting in any way he failed to read the plaintiff his Miranda rights or investigate him in any way or advise him of the reasons he's being arrested." Imdorf drew his weapon on Plaintiff, ordered him to the ground, and "violently placed him in handcuffs." Plaintiff alleges that Imdorf took him to a crime scene "he wasn't suspected of committing without trying to first gain the plaintiff's permission or ex[]igent circumstances requiring it, which unduly infringed upon the plaintiff's liberty and constitutes an arrest without probable cause because the information in the officer's possession at the time of arrest only barely warranted the officer to conduct an investigatory stop."

In Count III, Plaintiff alleges that on August 15, 2012, Defendant Imdorf subjected Plaintiff "to an unnecessarily and unduly [sic] identification procedure by transferring [Plaintiff] from his place of detention without first attempting to gain his permission or ex[]igent circumstances requiring it to a crime scene that of which he wasn't suspected of committing to be identified by a fearful crying witness under poor visual conditions because the witness wears prescription glasses and was in the back seat of a police cruiser with a security mesh covered window blocking her view from (50) plus feet away[.]" Plaintiff alleges that he was the only suspect in handcuffs and was surrounded by officers who placed Plaintiff behind the vehicle that the witness had just identified as belonging to the suspect she had witnessed in her home. Plaintiff asserts that the witness "was never

read any kind of identification card but was told that the police have the person in custody she described."  Plaintiff argues that "showing a suspect singly is widely condemned and with all the other suggestive circumstances involved this identification procedure is not only unnecessarily suggestive because officers had ample opportunity to conduct a more reliable less suggestive identification[.]"

**Additional Background**

According to records available online, Plaintiff is currently awaiting trial on a first-degree burglary charge in Maricopa County Superior Court Case #CR2012-007199-001 with an offense date of August 15, 2012.[2]  A charge of armed robbery was dismissed by motion of the prosecution on May 31, 2013.[3]  Trial is currently scheduled for April 8, 2014.[4]

**III.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  A plaintiff must also allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.   Malicious Prosecution (Count I)**

Plaintiff designates Count I as a claim for malicious prosecution regarding Defendant Ferree's testimony during grand jury proceedings, which led to Plaintiff's

_____

[2]See  http://www.superiorcourt.maricopa.gov/docket/CriminalCourtCases/caseInfo .asp (last visited February 27, 2014).

[3] *See* Minute Entry dated May 31, 2013 at http://www.courtminutes.maricopa.gov/docs/Criminal/062013/m5813238.pdf (last visited February 27, 2014).

[4] *See* Minute Entry dated February 2, 2014 at http://www.courtminutes.maricopa.gov/docs/Criminal/022014/m6179980.pdf (last visited February 27, 2014).

1    indictment.  To state a claim for malicious prosecution, a plaintiff must allege facts to

2    support that a defendant prosecuted him with malice and without probable cause for the

3    purpose of denying equal protection or another specific constitutional right.  *Awabdy v.*

4    *City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004) (citing *Freeman v. City of Santa*

5    *Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)).

6         Plaintiff alleges, and records available online confirm, that Plaintiff was indicted

7    by the grand jury; that is sufficient to establish probable cause for Plaintiff's prosecution.

8    *See Segura v. Cunanan*, 219 P.3d 228, 234 (Ariz. App. 2008) (probable cause for a

9    *prosecution* may be established by obtaining a grand jury indictment).  *Id.*  Moreover, the

10   Supreme Court has held that "a grand jury witness has absolute immunity from any

11   § 1983 claim based on the witness' testimony."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1506

12   (2012) (investigator in district attorney's office was entitled to absolute immunity;

13   however, "law enforcement officials who falsify affidavits" or "fabricate evidence

14   concerning an unsolved crime" are only entitled to qualified immunity).  Finally, a cause

15   of action for malicious prosecution does not accrue until a plaintiff has been acquitted.

16   *See Cabrera v. City of Huntington Park,* 159 F.3d 374, 382 (9th Cir.1998) (plaintiff's

17   "malicious prosecution claim did not accrue until his acquittal"); *RK Ventures, Inc. v.*

18   *City of Seattle,* 307 F.3d 1045, 1060 n.11 (9th Cir.2002) ("a claim of malicious

19   prosecution does not accrue until the plaintiff is acquitted, because acquittal is an element

20   of the claim").  Plaintiff does not allege, and it does not appear, that Plaintiff has been

21   acquitted of the underlying charges.  Accordingly, Plaintiff fails to state a claim for

22   malicious prosecution and Count I and Defendant Ferree will be dismissed.

23        **B.     Arrest (Count II)**

24        Plaintiff alleges in Count II that he was arrested by Defendant Imdorf without

25   probable cause, in violation of the Fourth Amendment.  Although unclear, Plaintiff

26   appears to be attempting to allege a claim for false arrest.  To state a § 1983 claim for

27   false arrest, a plaintiff must allege that there was no probable cause for his arrest.  *See*

28   *Cabrera*, 159 F.3d at 380 (citing *George v. City of Long Beach*, 973 F.2d 706, 710 (9th

Cir.1992)).  Probable cause "exists when under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that [the person arrested] had committed a crime."  *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991).   The Fourth Amendment requirement that arrest warrants be based upon probable cause may be satisfied by an indictment returned by a grand jury.  *See Kalina v. Fletcher*, 522 U.S. 118, 129 (1997).

Here, Plaintiff alleges, and the state court docket confirms, that Plaintiff was indicted by a grand jury, which establishes the existence of probable cause for Plaintiff's arrest.  Accordingly, Plaintiff fails to state a claim for false arrest and Count II will be dismissed.

**IV.   Stay of Count III**

The abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court.  *Younger* principles also apply to a plaintiff's request for damages, but in that situation, a temporary stay, rather than dismissal, is appropriate. *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004).  Staying the federal case until the state court criminal case is no longer pending

> allows the federal plaintiff an opportunity to pursue constitutional challenges in the state proceeding (assuming, of course, that such an opportunity is available under state law), and the state an opportunity to pass on those constitutional issues in the context of its own procedures, while still preserving the federal plaintiff's opportunity to pursue compensation in the forum of his choice.  In this way, neither the federal plaintiff's right to seek damages for constitutional violations nor the state's interest in its own system is frustrated.

*Id.*

In this case, Plaintiff alleges in Count III that Defendant Imdorf violated his Fourteenth Amendment rights by subjecting him to an unduly suggestive witness identification procedure.  Charges incident to that procedure are currently pending against Plaintiff in state court.  If Plaintiff is convicted, it appears that success on his Fourteenth

Amendment claim in this case would necessarily imply the invalidity of such conviction. It appears, therefore, that a stay of this case is appropriate under *Younger* and *Gilbertson*.

It also appears that a stay is appropriate under *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). In that case, the Supreme Court stated:

> [I]f a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck [v. Humphrey*, 512 U.S. 477 (1994)], will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit.

*Id.* at 393-94 (citations omitted).[5]

Liberally construed, Plaintiff states a claim against Defendant Imdorf in Count III for violation of his Fourteenth Amendment rights. As discussed herein, a criminal case related to Plaintiff's remaining civil claim in this case is currently pending. The Court therefore finds that a stay of that claim appears to be appropriate in this civil case. If Plaintiff is ultimately convicted in his criminal case and his conviction is not reversed, expunged, or otherwise invalidated, the remaining claim in his Second Amended Complaint will be barred by *Heck*, because success on the claim would necessarily imply the invalidity of his conviction. *See Wallace*, 549 U.S. at 393; *Heck*, 512 U.S. at 486-87. However, if Plaintiff is not convicted, an answer to this claim will be appropriate.

---

[5] In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. 477, 486-87 (1994) (emphasis in original) (footnote omitted).

The Court will stay this case and will not require Defendant Imdorf to file an answer to Count III at this time. However, Defendant Imdorf will be required to file a notice every 90 days regarding the status of Plaintiff's pending criminal case.

## V.   Warnings

### A.   Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.   Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### C.   Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Counts I and II are **dismissed** without prejudice.

(2)   Defendant Ferree is **dismissed** without prejudice.

(3)   Defendants' Motion to Stay/Motion to Dismiss (Doc. 10) is **denied** as premature.

. . .

. . .

(4)     This case is **stayed** pending the resolution of Plaintiff's criminal case currently pending in the Maricopa County Superior Court, case #CR2012-007199-001. The Clerk of Court must indicate on the docket that this case is **stayed**.

(5)     Within **90 days**, Defendant Imdorf **must file** with the Court a "Notice of Status" that informs the Court of the status of Plaintiff's criminal case currently pending in the Maricopa County Superior Court, case #CR2012-007199-001.

(6)     Defendant Imdorf **must file** a "Notice of Status" within 15 days after entry of judgment in Maricopa County Superior Court case #CR2012-007199-001.

(7)     Defendant Imdorf **must not** answer or otherwise respond to Count III in the Second Amended Complaint **until further order of the Court.**

DATED this 5th day of March, 2014.

Robert C. Broomfield
Senior United States District Judge